IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. CR-15-126-C |
| | ) | |
| TONYA A. GUM, a/k/a "Carmen," | ) | |
| a/k/a "Lisa," TRUNG N. DUONG, | ) | |
| WILLIAM M. BAKER, and | ) | |
| CURTIS A. ANTHONY, | ) | |
| | ) | |
| Defendants. | ) | |

MEMORANDUM OPINION AND ORDER

Counsel for Defendant Tonya Gum issued subpoenas to the City of Oklahoma City, specifically the Oklahoma City Police Department, seeking certain records. The City filed a motion to quash the subpoena, arguing that much of the information sought was not subject to discovery. The Court heard argument on the Motion to Quash and permitted Gum to file a supplemental response setting forth the arguments in support of her request. In that response, Gum notes that she has withdrawn her request for many of the records and maintains the request only to reports pertaining to RW and Defendant Gum's previous assistance and/or cooperation with law enforcement.

After considering the nature of the request and Defendant Gum's arguments in seeking the information, the Court finds that none of the information is subject to discovery. The records and reports pertaining to RW are inadmissible under Fed. R. Evid. 412, as they would impermissibly relate to prior sexual behavior. To the extent Defendant seeks information about other individuals who had an opportunity to observe RW as proof that RW

lied about being of legal age, that information would be inadmissible as extrinsic evidence under Fed. R. Evid. 608(b). Additionally, the evidence would be inadmissible pursuant to Fed. R. Evid. 403 as the time necessary to properly present the evidence would offset its limited probative value.

Finally, as for the records related to Gum, the Court notes that in her supplemental response, Gum modifies her request to include only reports reflecting she provided assistance or information to law enforcement in the investigation of those engaging in prostitution. The Court finds these shall be provided. However, the records should be redacted to remove reference to any individual other than Gum, R.W, and law enforcement officials who provided the information. The records may also be redacted as necessary to protect any ongoing investigation.

Accordingly, the Motion to Quash Discovery Subpoena (Dkt. No. 79) is GRANTED in part and DENIED in part.

IT IS SO ORDERED this 10th day of November, 2015.

ROBIN J. CAUTHRON
United States District Judge