IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. CR-15-126-C |
| | ) | |
| TRUNG N. DUONG, | ) | |
| WILLIAM M. BAKER, and | ) | |
| CURTIS A. ANTHONY, | ) | |
| | ) | |
| Defendants. | ) | |

MEMORANDUM OPINION AND ORDER

Defendants were charged via a Superseding Indictment with violation of 18 U.S.C. § 1591(c). According to the Superseding Indictment, Defendants engaged in acts of child sex trafficking as a result of their contact with Tonya Gum and her provision of "dates" to each Defendant. In reality, the "dates" provided by Ms. Gum were two females between the ages of 14 and 15 years old and each Defendant paid to have sex with one of the girls. Plaintiff has now filed a Motion in Limine seeking to prevent Defendants from raising any argument or offering evidence regarding their lack of knowledge of the child's age, that they mistook her age, or they had any lack of awareness of her age. As alleged in the Superseding Indictment, these acts occurred between October 8, 2014, and October 27, 2014.

Plaintiff argues that 18 U.S.C. § 1591(c) provides three means of proof of awareness of age: "(1) the defendant knew that the victim was under eighteen, (2) the defendant recklessly disregarded the fact that the victim was under eighteen, or (3) the defendant had a reasonable opportunity to observe the victim." United States v. Robinson, 702 F.3d 22, 34

(2d Cir. 2012). Originally the Defendants were charged with all three bases of *mens rea*. However recently, in January of this year, a Superseding Indictment was returned asserting only the third basis, namely that each Defendant had a reasonable opportunity to observe the child before engaging in the commercial sex transaction. Plaintiff argues that in light of the Superseding Indictment it intends to prove its case against Defendants under the sole *mens rea* basis that the Defendants had a reasonable opportunity to observe each child.

Defendants object, arguing that § 1591 cannot be read as a strict liability statute and that the Court should instruct the jury as it did in United States v. Ehrens, Case No. CR-15-200-C. Defendants argue that the Robinson case relied on by Plaintiff is not the law of this circuit and that no other circuit court has applied the statute as argued by Plaintiff. Finally, Defendants assert that other statutes targeting similar behavior as here all provide a "mistake of age" defense.

As the parties recognize, the Court has some recent experience in interpreting § 1591. That experience was guided by the Tenth Circuit's holding in United States v. Brinson, 772 F.3d 1314 (10th Cir. 2014). In Brinson, the circuit stated:

> To prove guilt, the prosecution had to show that Mr. Brinson
> 
> - by means affecting interstate commerce
> 
> - knowingly recruited, enticed, harbored, transported, provided, obtained, or maintained C.H. or another person, or benefitted in a venture which involved C.H. or the other person, and
> 
> - knew or recklessly disregarded the fact that C.H. or the other person was younger than 18, and

2

- knew or recklessly disregarded the fact that C.H. or the other under-age person would engage in a commercial sex act.

Id. at 1325. Although the Brinson case was discussed by the parties and the Court in the Ehrens case, neither party mentions it in the current briefs. Plaintiff's argument that the statute was amended in 2015 to "clarify" that Robinson correctly held that a reasonable opportunity to observe was sufficient without additional proof of a defendant's awareness of the child's age is cannot be relied on as the amendments relied on by Plaintiff were made after the alleged criminal acts in this case and are therefore inapplicable. While Plaintiff's argument may have validity under the current version of § 1591, at the time of the criminal conduct here paragraph (c) of the statute stated: "In a prosecution under subsection (a)(1) in which the defendant had a reasonable opportunity to observe the person so recruited, enticed, harbored, transported, provided, obtained or maintained, the Government need not prove that the defendant knew that the person had not attained the age of 18 years." As the Court held in Ehrens, to give effect to all the language of the statute, the "reasonable opportunity" language impacts a defendant's reckless disregard. It does not stand as a separate basis for establishing guilt. Thus, the Court will apply the statute using the elements set forth in Brinson.

The remainder of the arguments raised by Plaintiff were also raised during the resolution of the jury instructions in Ehrens. Nothing in Plaintiff's brief, nor the fact that it has obtained a Superseding Indictment charging only reasonable opportunity to observe, alters the Court's earlier determination that there must be some proof regarding Defendants'

knowledge or reckless disregard regarding the victim's age. That is, under the law governing this case, Plaintiff must show that Defendants either were aware of or acted in reckless disregard that the victim was under the age of 18 in order to obtain a conviction under § 1591. As the Court noted in <u>Ehrens</u>, the reasonable opportunity to observe language goes to proving or disproving reckless disregard and does not stand as an individual means of proof. Therefore, Plaintiff's Motion in Limine to Preclude Mistake-of-Age Defense or Arguments About Lack of Knowledge will be denied.

For the reasons set forth more fully herein, Plaintiff's Motion in Limine to Preclude Mistake-of-Age Defense or Arguments About Lack of Knowledge (Dkt. No. 175) is DENIED.

IT IS SO ORDERED this 3rd day of March, 2016.

*[signature]*
ROBIN J. CAUTHRON
United States District Judge